UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:22-cv-00102-MR

| | |
|---|---|
| BRANDON PICKENS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>EDDIE M. BUFFALOE, Jr., Secretary )<br>of Department of Public Safety,[1] )<br>)<br>Respondent. )<br>)<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus [Doc. 1] and Motion to Proceed *in Forma Pauperis* [Doc. 2], filed on May 19, 2022 by the Petitioner Brandon Pickens.

I.  **BACKGROUND**

Brandon Pickens (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking review of a disciplinary charge he

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017)("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Eddie M. Buffaloe, Jr., the current Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action.

received on December 22, 2020 while incarcerated at Avery-Mitchell Correctional Institution for disobeying the lawful order of a prison official or employee. The Petitioner received 30 days credit time loss. In his § 2254 petition, the Petitioner raises the following claims of relief: 1) investigating officer refused to allow the Petitioner to submit a written statement and exercise his disciplinary rights; 2) investigating officer made false reports; 3) insufficient evidence to support the elements of the disciplinary offense; and 4) the charging authority was involved in the incident in violation of the prison disciplinary procedures. [Doc. 1 at 5-10].[2] The Petitioner states that he appealed his disciplinary charge through the prison administration to the chief disciplinary officer and exhausted his administrative remedies through the inmate grievance process. [Id. at 5-7].

## II. DISCUSSION

### A. Initial Review of § 2254 Petition

28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the

---

[2] The Petitioner has attached to his § 2254 petition what appears to be a separate or additional § 2254 petition seeking review of a disciplinary conviction from January 26, 2021. [Doc. 1-1]. Rule 2(e) of the Rules Governing Section 2254 Cases requires that a petitioner who seeks relief from multiple judgments of conviction must file a separate petition for each. The Petitioner cannot seek to challenge multiple disciplinary convictions in one habeas petition. See Greene v. Hernandez, 2018 WL 7458643, *2 (W.D.N.C. June 1, 2018).

2

Case 1:22-cv-00102-MR   Document 11   Filed 01/13/23   Page 2 of 5

Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. Under § 2254, a state prisoner's claims are limited to allegations that challenge either the fact or duration of their confinement. Preisier v. Rodriguez, 411 U.S. 475, 489 (1973).

A petitioner may only proceed on a claim related to a prison disciplinary proceeding to the extent that the disciplinary conviction increased the duration of the petitioner's custody. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005)("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of ... physical confinement,'...and thus lies at 'the core of habeas corpus[.]'")(quoting Rodriguez, 411 U.S. at 487-488). Inmates possess a protected liberty interest in the award of gain time and are entitled to "the minimum requirements of procedural due process" at disciplinary proceedings resulting in the loss of gain time. Wolff v. McDonnell, 418 U.S. 539, 557-558 (1974).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations applies to administrative disciplinary convictions. Meeks v. McCoy, 371 Fed.Appx.441, 442 (4th Cir. 2010). The Petitioner's disciplinary conviction occurred on December 22, 2020. [Doc. 1

at 1]. The Petitioner states that he filed an appeal of his disciplinary conviction but does not state the date of the appeal decision. The Petitioner's § 2254 petition was filed in this Court on May 19, 2022 and appears to have been filed beyond the expiration of the one-year statute of limitations. The petition is subject to dismissal unless the Petitioner can show that he is entitled to statutory tolling under § 2244(d)(1)(B), (C), or (D), or that equitable tolling should otherwise apply for good cause shown. As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why statutory or equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

### B. Motion to Proceed *in Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income and no amounts of money in any bank accounts and a zero balance in his inmate

trust account. [Docs. 2, 3]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his motion to proceed *in forma pauperis* will be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. Failure to comply with this Order shall result in dismissal of the Petition.

2. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED**.

3. The Clerk of Court is respectfully directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: January 13, 2023

Martin Reidinger
Chief United States District Judge