UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:22-cv-00102-MR

| | |
|---|---|
| BRANDON PICKENS, ) ) Petitioner, ) ) vs. ) ) EDDIE M. BUFFALOE, Jr., Secretary ) of Department of Public Safety, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court upon the Response filed by the Petitioner on January 30, 2023 [Doc. 12], following this Court's Order [Doc. 11] directing the Petitioner to address why his § 2254 petition should not be dismissed as untimely.

I. **BACKGROUND**

Brandon Pickens (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner has filed this § 2254 habeas action seeking review of a disciplinary charge he received on December 22, 2020 while incarcerated at Avery-Mitchell Correctional Institution for disobeying the lawful order of a prison official or employee. The Petitioner received 30 days credit time loss. [Doc. 1 at 5-10].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on May 19, 2022. [Doc. 1]. Upon initial review of the petition, the Court entered an Order on January 13, 2023 directing the Petitioner to show cause why the petition should not be dismissed as untimely filed. [Doc. 11]. The Petitioner filed his Response on January 30, 2023. [Doc. 12].

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petition must be filed within one year of the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations applies to administrative disciplinary convictions and the time begins to run from the date the administrative action became final, which in the Petitioner's case is the date of the conclusion of the appeal of the disciplinary conviction. Meeks v. McCoy, 371 Fed.Appx. 441, 442 (4th Cir. 2010); Meeks v. North Carolina, 2008 WL 11419034, *2 (E.D.N.C. Dec. 29, 2008).

The statute of limitations may be tolled by statute or through the application of equitable tolling. Under statutory tolling, a petitioner may be permitted to file a habeas petition within one year from the following: (B) the date on which the impediment to filing an application created by State action

in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

Under equitable tolling, an otherwise untimely habeas petition may be treated as timely filed where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). However, equitable tolling is only available in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

The Petitioner's disciplinary conviction occurred on December 22, 2020. [Doc. 1 at 1]. Although the Petitioner states that he filed an appeal of

the disciplinary conviction, he does not provide any dates of the filing of the appeal or appeal decision. [Id. at 1-3]. In accordance with the Offender Disciplinary Procedures, an inmate has fifteen (15) days from the date of the disciplinary hearing in which to file a written appeal. The review should be completed within thirty (30) days of receipt of the appeal and the offender should be promptly notified of the results. See Chapter B, Section .0205(b)(6)-(7) of the Offender Disciplinary Procedures.[1] Therefore, the Petitioner's administrative appeal would have been and should have been resolved no later than February 5, 2021. Petitioner, however, did not file this action until more than fifteen months later.

In his Response, the Petitioner argues that his petition should not be dismissed as untimely because prison staff failed to notify him that his appeal of the disciplinary action had been denied. [Doc. 12]. The Petitioner states that he did not find out the result of the appeal until he spoke with his case manager, and that his ability to speak face-to-face with his case manager was prohibited due to COVID-19 restrictions. [Id.].

The Petitioner, however, does not provide any facts or argument showing entitlement to statutory tolling under § 2244(d)(1)(B)-(D). The

---

[1] The Division of Prisons Policy and Procedure Manual is available online at https://public.powerdms.com/NCDAC/tree/documents/2418491.

4

Petitioner fails to set forth sufficient facts that identify any extraordinary circumstances which occurred to prevent him from timely filing his § 2254 petition so as to warrant the application of equitable tolling. In the exercise of due diligence, the Petitioner knew or should have known that his disciplinary appeal was or should have been concluded by February 5, 2021. He could have filed this action within the year thereafter. He fails to provide sufficient facts on which the Court could find any further delay to be excused. The Petitioner does not provide the Court with any dates indicating when he received notice of the result of his disciplinary appeal, nor does he describe what steps, if any, he took to try and obtain the information. The Petitioner also fails to provide any details regarding the specific COVID-19 restrictions that were in place at the facility, how long they were in effect, and how the restrictions hindered his efforts to pursue his claims. The Petitioner's assertion that COVID-19 restrictions prevented him from face-to-face contact with his case manager is too vague and conclusory to demonstrate that he was prevented from timely filing his habeas petition. In fact, he fails to explain why such face-to-face meeting was even necessary or helpful.

The Petitioner's response is insufficient to demonstrate that he was diligent in pursuing his rights as required to meet the high standard necessary for equitable tolling. See Henriquez v. United States, 2012 WL

1564158, *2 (E.D.N.C. May 2, 2012)("[p]rison conditions such as lockdowns, misplacement of legal papers, and lack of access to legal materials typically are not grounds for equitable tolling"); Smith v. Virginia, 2013 WL 871519, *4 (E.D.Va. Mar. 8, 2013)(conclusory allegations insufficient to meet high burden required for equitable tolling); United States v. Harris, 2021 WL 1823109, *4-5 (E.D. Va. May 6, 2021)(generic claims about Covid-19 restrictions insufficient to demonstrate entitlement to equitable tolling). The Petitioner has not met his burden to establish that equitable tolling applies to excuse the untimeliness of his § 2254 petition. As such, the § 2254 petition shall be dismissed as untimely.

### III. CONCLUSION

For the reasons stated herein, the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely, as the Petitioner fails to establish that he is entitled to statutory or equitable tolling of the statute of limitations.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as untimely filed.

2. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: June 12, 2023

Martin Reidinger
Chief United States District Judge